IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT EUGENE JOHNSON,
ADC #78181                                                                                          PETITIONER

v.                             CASE NO. 5:12CV00370-KGB/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                                      RESPONDENT

## ORDER

The Court has reviewed the Proposed Findings and Recommended Partial Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 14).  The Court has also reviewed the objections filed on behalf of respondent Ray Hobbs.  After careful consideration, the Court adopts in part and declines to adopt in part the Proposed Findings and Recommended Partial Disposition (Dkt. No. 14).

As an initial matter, this Court adopts Judge Ray's determination that petitioner's "Motion for Ruling" be construed as a motion for default judgment (Dkt. No. 8).

Respondent Mr. Hobbs, in his objections, takes issue with what he characterizes as Judge Ray's conclusion that respondent "had not timely filed his response to the habeas petition" (Dkt. No. 15, at 2).  In this case, based on the record before the Court, Judge Ray entered an order on November 16, 2012, directing the respondent to respond to petitioner's petition within 21 days (Dkt. No. 6).  November 16, 2012, was a Friday.  That order may have been mailed on Monday, November 19, 2012.  Thursday, November 22, 2012, was Thanksgiving.  Many State offices likely were closed November 22 and November 23, 2012.  The following Monday was November 26, 2012, which is the date on which respondent contends the order was received and processed by his counsel's office and which respondent asserts should be the date from which his 21-day

response time began to run. Given respondent's submission on this point, the Court declines to adopt the Proposed Findings and Recommended Partial Disposition solely as to the determination that respondent's response was not timely filed.

For purposes of resolving the petitioner's "Motion for Ruling," however, the point raised in respondent's objection does not affect the Court's decision. Regardless of whether respondent's response was timely based on respondent's contention that it received the Court's order and petitioner's petition on Monday, November 26, 2012, or that the respondent's response was untimely because it was not submitted 24 days, 21 days as directed by the Court's order with three days allotted for mailing, the Court denies petitioner's "Motion for Ruling." If respondent's contention is accepted, the response was timely filed, and respondent cannot be held in default. If respondent's contention is rejected, the response was untimely but, for the reasons and law cited in the Proposed Findings and Recommended Partial Disposition submitted by Judge Ray which this Court adopts, the Court determines a seven-day delay is clearly not the type of extraordinary delay that might warrant default habeas relief and therefore denies petitioner's "Motion for Ruling" (Dkt. No. 8).

SO ORDERED this the 3rd day of September, 2013.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE