**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ROBERT EUGENE JOHNSON
ADC#78181                                                                                    PETITIONER


VS.                                    5:12CV00370 KGB/JTR


RAY HOBBS, Director,
Arkansas Department of Correction                                            RESPONDENT


## ORDER

Petitioner has filed a Motion (*doc. #11*) requesting the appointment of

counsel. He relies on the Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309

(2012). In *Martinez*, the United States Supreme Court recognized a "limited" and

"narrow" equitable exception to the procedural default doctrine in jurisdictions

where an ineffective assistance of trial counsel claim must be raised for the first

time in an "initial-review collateral proceeding." "[A] procedural default will not

bar a federal habeas court from hearing a substantial claim of ineffective assistance

at trial if, in the initial-review collateral proceeding, there was no counsel or

counsel in that proceeding was ineffective."[1] *Id.* at 1320.

---

[1] In *Dansby v. Norris*, 682 F.3d 711 (8th Cir. 2012), the Eighth Circuit considered the *Martinez* exception, in the context of a federal habeas claim arising in Arkansas, and concluded that, because an ineffective assistance of counsel claim may be raised in a motion for new trial and on direct appeal in Arkansas, *Martinez* was inapplicable. However, in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the United States Supreme Court held that *Martinez* was

Petitioner argues that, pursuant to *Martinez*, he is entitled to the appointment of counsel and a stay so that appointed counsel can investigate his procedurally-defaulted ineffective assistance claims. He also requests counsel to investigate his claim of actual innocence.

While *Martinez* establishes an equitable exception to procedural default, it does not provide an independent basis to appoint counsel in a habeas case. It is well settled that a habeas petitioner in a non-capital case does not have a constitutional or statutory right to counsel. *See Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir. 2000).

Instead, the Court may, in its discretion, appoint counsel if: (1) the habeas action is factually or legally complex; or (2) the petitioner is unable to investigate or articulate his claims without court-appointed counsel. *Id.* After careful consideration, the Court concludes that the factual and legal issues presented in this non-capital habeas case are not complex, and that Petitioner has demonstrated his ability to investigate and articulate his claims.

---

applicable in Texas, where the procedural rules only "theoretically" allowed for ineffective-assistance claims to be raised on direct appeal: "where, as here, a state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies." Afterwards, the United States Supreme Court vacated the *Dansby* decision and remanded the case to the Eighth Circuit "for further consideration in light of *Trevino v. Thaler*[.]" *Dansby v. Hobbs*, 133 S. Ct. 2767 (2013).

The Eighth Circuit's reconsideration of *Dansby* is currently pending. However, in a recent capital habeas case, *Sasser v. Hobbs*, 735 F.3d 833, 852-853 (8th Cir. 2013), the Court held that the Arkansas procedural system did not "as a systematic matter" afford the petitioner "meaningful review of a claim of ineffective assistance of trial counsel" on direct appeal. Accordingly, it held that *Martinez* and *Trevino* were applicable.

IT IS THEREFORE ORDERED THAT Petitioner's Motion for Stay and

Appointment of Counsel (*doc. #11*) is DENIED.

Dated this 5th day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE