IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ROBERT EUGENE JOHNSON**                                         **PETITIONER**
**ADC #78181**

v.                        Case No. 5:12-cv-00370-KGB-JTR

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                               **RESPONDENT**

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 26). No objections have been filed, and the time for filing objections has passed. After careful review, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby are, approved and adopted in part as this Court's findings.

The Court declines to adopt the Proposed Findings and Recommended Disposition to the extent that it states that a stand-alone actual innocence claim is not cognizable (*see* Dkt. No. 26, at 7 n.4). The Supreme Court and Eighth Circuit have suggested that a stand-alone actual innocence claim may be cognizable and provide an avenue for habeas relief. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence"); *Nooner v. Hobbs*, 689 F.3d 921, 922 n.7 (8th Cir. 2012) ("The Supreme Court has suggested that a stand-alone claim of actual innocence may be cognizable.").

Regardless, because a state court remedy is available for petitioner Robert Eugene Johnson's *Brady* violation claim, the Court does not reach the merits of Mr. Johnson's stand-alone actual innocence claim. *See Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) ("When

a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, . . . by dismissing the federal petition without prejudice . . . .").

The Court therefore orders that this case is dismissed without prejudice. A certificate of appealability is denied pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

SO ORDERED this the 7th day of April, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE